

12/07/2007

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LINDA G. ADAMS RICHARDSON, | § | Case No. 07-42881 |
| | § | (Chapter 13) |
| Debtor. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING REQUEST TO TEMPORARILY WAIVE CREDIT
COUNSELING REQUIREMENT**

This matter is before the Court on the request made by Linda G. Adams Richardson (the "Debtor") to waive the requirement in paragraph (1) of 11 U.S.C. §109(h) that she obtain budget and credit counseling prior to filing for bankruptcy. The Debtor attached a certification to her bankruptcy petition requesting a waiver, and she filed a separate "Motion for Determination by the Court of Temporary Waiver of Credit Counseling Prior to Filing Due to Exigent Circumstances" (the "Motion"). In the certification and the Motion, the Debtor requests a temporary waiver of the credit counseling requirement pursuant to §109(h)(3).

**FACTS**

The Debtor's home was scheduled for a non-judicial foreclosure sale on Tuesday, December 4, 2007. Prior to bankruptcy, the Debtor filed an action in state court seeking to enjoin the foreclosure. A hearing on the Debtor's request for injunction was scheduled for 8:30 a.m. on December 4, 2007. At the conclusion of the hearing, the state court declined to enjoin the foreclosure and, as a consequence, the Debtor filed a petition for relief in this Court at 10:57 a.m. The Debtor asserts in her Motion that she "attempted to Debt Education and Certification Foundation, an approved credit counseling agency for

1

the Eastern District of Texas, … but they were unable to complete the counseling in time to prevent the foreclosure of the Debtor's home."

## ANALYSIS

Congress has made credit counseling a requirement for filing a petition in bankruptcy. *See In re Salazar*, 339 B.R. 622, 630 (Bankr. S.D. Tex. 2006) (discussing the legislative history of 11 U.S.C. §109(h)). The Court may temporarily waive the pre-petition credit counseling requirement only if the debtor

> submits to the court a certification that – (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1); (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request; and (iii) is satisfactory to the Court.

11 U.S.C. §109(h)(3)(A). The three requirements of §109(h)(3)(A) are conjunctive, and a debtor must establish each requirement in order to be eligible for a deferral. *See, e.g., Clippard v. Bass*, 365 B.R. 131, 135 (W.D. Tenn. 2007). If the Court grants a debtor's request for a deferral, the debtor has thirty days from the petition date to complete the required credit counseling, except that the Court, for cause, may grant the debtor an additional fifteen days. 11 U.S.C. §109(h)(3)(B).

With respect to the first requirement, the Bankruptcy Code does not define exigent circumstances, and courts have not agreed upon an interpretation. Some courts have viewed an imminent foreclosure sale as an exigent circumstance. *See, e.g., In re Hubbard,* 333 B.R. 377, 384 (Bankr. S.D. Tex. 2005) (exigent circumstances exist when debtor faces loss of family home or permanent loss of sole means of transportation unless immediate bankruptcy relief granted); *In re Childs,* 335 B.R. 623, 630-31 (Bankr. D. Md.

2005) (imminent sale of property at foreclosure and/or imminent eviction from residence are exigent circumstances); *In re Henderson,* 339 B.R. 34, 38-39 (Bankr. E.D. N.Y. 2006) (impending sale of home or sole means of transportation are examples of potentially exigent circumstances warranting temporary relief); *In re Romero,* 349 B.R. 616 (Bankr. N.D. Cal. 2006); *In re Henderson*, 364 B.R. 906 fn3 (Bankr. N.D. Tex. 2007) (stating in dicta that that a nonjudicial foreclosure sale of a family home under Texas law is an exigent circumstance). Others have found that because the foreclosure process provides considerable notice to homeowners, the foreclosure sale allows no excuse for procrastination in seeking the protection of bankruptcy. *See, e.g., In re Rodriguez,* 336 B.R. 462, 474 (Bankr. D. Idaho 2005) ("Waiting ... until the eve of creditor action before addressing the §109(h) prerequisite for filing bankruptcy makes the exigency rather self-inflicted."); *Dixon v. LaBarge,* 338 B.R. 383 (8th Cir. BAP 2006), (foreclosure sale does not merit deferral of credit counseling requirement); *In re DiPinto,* 336 B.R. 693, 698 (Bankr. E.D. Pa. 2006) (same); *In re Afolabi,* 343 B.R. 195 (Bankr. S.D. Ind. 2006) (same).

This Court agrees with the later line of cases inasmuch as the proper focus under §109(h) is not on the circumstances that precipitated the bankruptcy filing, "but on whether those circumstances or any other prevented the debtor from being able to obtain credit counseling prior to filing for bankruptcy." *In re Afolabi,* 343 B.R. at 198. (citing *In re Valdez,* 335 B.R. 801, 803 (Bankr. S.D. Fla. 2005)). In Texas, non-judicial foreclosure sales are scheduled with at least twenty-one days' notice of the date of the sale to the mortgagor. *See* TEX. PROP. CODE §51.002(b). The Debtor in this case was aware of an impending sale of her home and was actively seeking to prevent the foreclosure sale from

3

proceeding. The Debtor, however, appears to ask this Court to place some significance on the fact that she hoped to succeed in her request for injunctive relief from the Texas District Court. Even giving Debtor the benefit of the doubt, and assuming that grounds may have existed to enjoin the foreclosure sale, the Court cannot conclude that the pending state court litigation prevented her from obtaining credit counseling prior to filing for bankruptcy relief. *See In re Afolabi,* 343 B.R. at 198. Moreover, the Debtor has not alleged or established that she was unable to obtain credit counseling within five days of her request for credit counseling.

**IT IS THEREFORE ORDERED** that the Debtor's Motion, which requests a temporary waiver of the pre-petition credit counseling required by 11 U.S.C. §109(h)(1), shall be, and hereby is, **DENIED.**

Signed on 12/7/2007

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

4