

01/30/2008

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LINDA G. ADAMS RICHARDSON, | § | Case No. 07-42881 |
| | § | (Chapter 13) |
| Debtor. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND

Linda G. Adams Richardson (the "Debtor") initiated this bankruptcy case on December 4, 2007 (the "Petition Date") by filing a petition for relief under Chapter 13 of the Bankruptcy Code. The Debtor's case was dismissed effective January 19, 2008, by operation of 11 U.S.C. §521(i). This matter is before the Court on the Expedited Rule 59 Motion to Amend Order of Automatic Dismissal to Dismiss Case with Prejudice to Refiling (the "Motion to Amend") filed by Wells Fargo Bank, N.A. ("Wells Fargo") on January 23, 2008.

### FACTS

The Debtor's home was scheduled for a non-judicial foreclosure sale on Tuesday, December 4, 2007. Prior to the Petition Date, the Debtor filed an action in state court seeking to enjoin the foreclosure. A hearing on the Debtor's request for an injunction was scheduled for 8:30 a.m. on December 4, 2007. At the conclusion of the hearing, the state court required the Debtor to pay twelve months of arrears into the registry of the court as a condition to enjoining the foreclosure. The Debtor declined to do so and, instead, filed a petition for relief in this Court at 10:57 a.m. on the same day.[1]

---

[1] The Debtor had previously filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas. The Debtor received a discharge in that case on January 6, 2006 and the case was thereafter closed. The Debtor filed a motion seeking to reopen her case on October 29, 2006 and filed an adversary proceeding seeking to enjoin the foreclosure of her home. The Debtor's motion remained pending at the time she initiated a bankruptcy case in this Court.

The Debtor filed a "naked" petition without any of the schedules or statements described in 11 U.S.C. §521(a). Other than her petition, the only document she filed was a motion requesting that the Court waive the requirement in paragraph (1) of 11 U.S.C. §109(h) that she obtain budget and credit counseling prior to filing for bankruptcy. The Court denied the Debtor's request for an extension in a Memorandum Opinion and Order entered on December 7, 2007. The Debtor thereafter failed to file any of the schedules or statements required by 11 U.S.C. §521(a), and she failed to obtain an extension of time for the filing of such schedules and statements. Accordingly, on January 22, 2008, the Court entered an Order Evidencing Automatic Dismissal of Chapter 13 Case of Individual Debtor(s) Pursuant to 11 U.S.C. §521(i)(1) (the "Order Evidencing Automatic Dismissal").

Prior to the entry of the Order Evidencing Automatic Dismissal, Wells Fargo filed a Motion to Dismiss Case with Prejudice to Refiling (the "Dismissal Motion") based on the Debtor's alleged bad faith. The Court scheduled a hearing on the Dismissal Motion, but the hearing was not held due to the intervening, automatic dismissal of the Debtor's case. In Wells Fargo's Motion to Amend the Order Evidencing Automatic Dismissal, Wells Fargo requests that the Court re-set its Dismissal Motion for Hearing, set its Motion to Amend for hearing at the same time, order the Debtor to appear at the hearing, and amend the Order Evidencing Automatic Dismissal to dismiss this case with prejudice for six months or, alternatively, enter a separate order prohibiting the Debtor from filing another bankruptcy case for six months. As legal grounds for the relief requested, Wells Fargo asserts that "[t]his Court is empowered under Section 105(a) to enter a further order that the automatic dismissal is with prejudice …."

## DISCUSSION

Section 105(a) of the Bankruptcy Code specifically "authorizes a bankruptcy court to

fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code," *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986). It is interpreted liberally, *Matter of Zale Corp.*, 62 F.3d 746, 760 (5th Cir. 1995), but that certainly "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity," *Sutton*, 786 F.2d at 1308. Here, there is no question that the Debtor failed to submit all of the information required by §521(a)(1) or that grounds existed for automatic dismissal under 11 U.S.C. §521(i)(1). Section 105(a) does not empower the Court to vacate a dismissal that has occurred by operation of 11 U.S.C. §521(i)(1), alter the statutory penalty of 11 U.S.C. §521(i)(1), or "judicially legislate perceived shortcomings in existing law." *In re Farrell*, 241 B.R. 348, 350 (Bankr. M.D. Pa. 1999). Congress has determined that the penalty for failure to comply with 11 U.S.C. §521(a) is the dismissal of the case and limitations on the applicability of the automatic stay in any bankruptcy case filed within a year of the dismissal. *See* 11 U.S.C. §362(c)(3)(B) and (c)(4)(B).

Moreover, it is not possible for this Court to "amend" provisions of the Bankruptcy Code based on the Federal Rules of Civil Procedure. Federal Rule 59, as adopted and applied to this case by Federal Rule of Bankruptcy Procedure 9023, contemplates *new trials* and the amendment of *judgments*. "Quite simply, an automatic statutory dismissal is not the kind of action contemplated by [Federal Rule 59(e)] and therefore cannot form the basis for any relief under [Federal Rule 59(e)]. Even if it were, however, [Federal Rule 59(e)] could not be used to bypass the strict statutory scheme established by §521(a)(1) and (i)." *In re Wilkinson,* 346 B.R. 539, 546 (Bankr. D. Utah 2006). *See also In re Ott,* 343 B.R. 264, 265 (Bankr. D. Colo. 2006) ("After the expiration of the specified period set forth in 11 U.S.C. §521(i)(1), there are no exceptions, no excuses, only dismissal and the consequences that flow therefrom."); *In re Williams,* 339 B.R.

3

794, 795 (court did not have power to grant debtor's untimely request for extension of time to comply with §521(a)(1)); *In re Lovato,* 343 B.R. 268, 270 (Bankr. D. N.M. 2006) ("After the expiration of the time limits set forth in 11 U.S.C. §521(i)(1), the Court is left with no discretion to allow the Debtor additional time within which to comply with the requirement for submission of payment advices."); *In re Fawson*, 338 B.R. 505, 515 (Bankr. D. Utah) ("Section 521(i)(1) mandates the dismissal of cases when debtors fail to timely comply with the requirements of § 521(a)(1).").

The Court is not condoning the use of 11 U.S.C. §521(i) by a debtor to avoid the possible consequences of a pending motion to dismiss the bankruptcy case with prejudice. However, nothing in 11 U.S.C. §521(i)(1) provides an exception for a debtor who may have filed his bankruptcy case in bad faith.[2] One of Congress' goals in enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which included the automatic dismissal provision of 11 U.S.C. §521(i)(1), was to replace judicial discretion with specific statutory standards and formulas. *See In re Nance,* 371 B.R. 358, 366 (Bankr. S.D. Ill. 2007). Congress primarily sought to reduce the number of bankruptcy filings, not to provide greater protections for creditors. *See Warren v. Wirum*, 378 B.R. 640, 647 (N.D. Cal. 2007) (citing H.R. Rep. 109-31 at 4, *reprinted in,* 2005 U.S.C.C.A.N. 88, 89 (2005)). A creditor who believes that cause exists to dismiss a bankruptcy case with prejudice based on a debtor's bad faith would be well

---

[2] The Court is aware of at least one case in which a bankruptcy court exercised its general equitable authority to prevent a debtor from using §521(i) offensively. In *In re Hall,* 368 B.R. 595 (Bankr. W.D. Tex. 2007), the bankruptcy court denied a debtor's request for confirmation of the dismissal of the bankruptcy case under § 521(i)(2) as follows: "Relying upon the decision of the Supreme Court in [*Marrama v. Citizens Bank of Massachusetts,* --- U.S. ----, 127 S.Ct. 1105 at 1111, 166 L.Ed.2d 956 (2007)]*,* this Court concludes that when a debtor seeks an order confirming the dismissal of his case under §521(i)(2) by reason of his own defalcation under §521(a)(1), it is legitimate for the Court to inquire into the motivation and/or good faith (or lack thereof) of the debtor in seeking such order; and, in the event the debtor is acting in bad faith, to properly condition such dismissal so that the debtor is not rewarded by his own malfeasance." That is not the case before this Court. Rather, in this case, a creditor is seeking to enhance the statutory penalty of dismissal set forth in §521(i) based on the Debtor's alleged bad faith.

served to request an expedited hearing on the request so that it can be considered and acted upon before the case can be dismissed by operation of 11 U.S.C. §521(i)(1).

**IT IS THEREFORE ORDERED** that Wells Fargo's Motion to Amend shall be, and it is hereby, **DENIED**.

**IT IS FURTHER ORDERED** that Wells Fargo's Motion for Expedited Hearing on Rule 59 Motion and Motion to Dismiss with Prejudice shall be, and is hereby, **DENIED** as moot.

Signed on 1/30/2008

_Brenda T. Rhoades_   MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE